UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL DAVID TRULL,

    Plaintiff,

v.                                                          Case No.:   2:19-cv-645-FtM-38MRM

STATE OF FLORIDA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael David Trull failed to comply with the Court's December 2, 2019 Order (Doc. 10) requiring him to file an Amended Complaint and a renewed motion for leave to proceed *in forma pauperis*, or to pay the required filing fee. Based upon that failure and Plaintiff's failure to prosecute this action, the Undersigned respectfully recommends that this case be dismissed.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff Michael David Trull filed a Complaint on September 5, 2019. (*See* Doc. 1). Plaintiff also filed an Affidavit of Indigency, which the Undersigned construed as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 4.07. (Doc. 2). On December 2, 2019, the Court ordered Plaintiff to file an Amended Complaint that complied with the pleading requirements detailed in the Order and to file a renewed motion for leave to proceed *in forma pauperis*. (Doc. 10 at 4). The Court directed Plaintiff to, among other things, file the Amended Complaint no later than December 23, 2019 and warned Plaintiff that failure to comply would result in the Undersigned recommending to the presiding United States District Judge that this action be dismissed. (*Id.* at 4-5). Alternatively, the Court gave Plaintiff the

option to pay the filing fee and proceed to effectuate service of process on the Defendant by a specified deadline. (*Id.* at 5). Plaintiff failed to comply timely with the Court's December 2, 2019 Order.

## ANALYSIS

As explained in the Undersigned's December 2, 2019 Order (Doc. 10 at 1-2), 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant who is immune from such relief. A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As explained in the Undersigned's December 2, 2019 Order (Doc. 10 at 3-4), the Undersigned finds and recommends that the Complaint (Doc. 1) is defective.

Specifically, Plaintiff brings an action that fails to state a plausible claim on which relief may be granted within the meaning of 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff purports to assert a claim under 42 U.S.C. § 1983 against the named Defendant, State of Florida Lutheran Services Case Management ("Lutheran Services"), for alleged violations of his rights under the Fourteenth Amendment to the United States Constitution. (*See* Doc. 1 at ¶ 9). The gist of Plaintiff's complaint against Lutheran Services is that Defendant's requirement of drug testing or drug screening has "hampered [his] efforts to obtain employment and maintain affordable housing." (*Id.* at ¶ 6).

In any § 1983 action, however, the initial inquiry must focus on whether two essential elements are present:

(1) whether the person engaged in the conduct complained of *was acting under color of state law*; and
(2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

2

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (emphasis added); *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  "To satisfy section 1983's 'under color of [state law]' requirement, a plaintiff must demonstrate that 'the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'"  *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 984 F.2d 401, 403 (11th Cir. 1993) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted).

Here, Plaintiff does not include allegations in the Complaint that satisfy the "under color of state law" requirement necessary to state a cognizable federal claim under § 1983.  To be sure, Plaintiff identifies the named Defendant in this case as *State of Florida* Lutheran Services Case Management (Doc. 1 at 1), but the Undersigned finds that tacking the words "State of Florida" onto the name of an otherwise private, non-governmental entity like Lutheran Services, is not sufficient to show that the Defendant acted under color of state law.  Plaintiff's failure to timely amend the Complaint to cure this defect, as ordered, warrants dismissal of the action.  *See* 28 U.S.C. § 1915(e)(2)(B).

Under M.D. Fla. R. 3.10(a), moreover, "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution."  Plaintiff's failure to comply with the Undersigned's Order in any respect is a failure to diligently prosecute this action and justifies dismissal.  M.D. Fla. R. 3.10(a).

**CONCLUSION**

For the foregoing reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that this action be dismissed for failure to comply with the Court's Order as detailed above and for failure to prosecute.

**RESPECTFULLY RECOMMENDED** on January 27, 2020 in Fort Myers, Florida.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties